UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
AJMEL A. QUERESHI
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393

July 22, 2026

LETTER TO COUNSEL

Re: *Joeann S. v. Frank Bisignano, Commissioner, Social Security Administration*,
Civil No. AAQ-25-01954

Dear Counsel:

On June 18, 2025, Plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for disability insurance financial assistance under Title II of the Social Security Act and supplemental security income.  ECF No. 1.  I have considered the parties' cross-motions for summary judgment, ECF Nos. 11, 13, as well as Plaintiff's Reply in Support of her Motion, ECF No. 14.  I find that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2025).  This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Under that standard, I will deny both motions, vacate the Commissioner's decision, and remand the case to the Commissioner for further consideration.  This letter explains my rationale.

## I.        The History of this Case

Plaintiff filed her claim for financial assistance on September 14, 2021, alleging a disability onset date of May 21, 2021.  ECF No. 8-3, at 18.  An Administrative Law Judge ("ALJ") denied Plaintiff's claim initially and upon reconsideration.  *Id.*  Plaintiff then requested a hearing before an ALJ, which took place telephonically on April 11, 2024.  *Id.*  Following that hearing, the ALJ determined Plaintiff did not have a disability within the meaning of the Social Security Act during the relevant time frame.  *Id.* at 29.  The Appeals Council denied Plaintiff's request for review, *id.* at 2; thus, the ALJ's decision constitutes the final, reviewable decision of the SSA.  *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ found that Plaintiff suffered from the severe impairments of "orthostatic hypotension, migraine headaches, diabetes mellitus type 2 with diabetic retinopathy, mild chronic kidney disease, chronic anemia, hypertension, and obesity."  ECF No. 8-3, at 21.  Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except can never climb ladders, ropes, or scaffolds, can occasionally climb ramps or stairs,

*Joeann S. v. Frank Bisignano, Commissioner, Social Security Administration*
Civil No. AAQ-25-01954
July 22, 2026
Page: 2

> stoop, kneel, and crawl, and can unlimitedly balance and crouch. The claimant must avoid all exposure to extreme cold, extreme heat, excessive vibration and to any hazards such as dangerous moving machinery and unprotected heights; capable of no commercial driving; capable of frequent near/far visual acuity bilaterally; capable of no more than occasional use of a computer screen; and capable of no fast-paced production requirements such as fast paced assembly line work or high-volume piecemeal quotas.

*Id.* at 23.  The ALJ determined that Plaintiff was unable to perform past relevant work as an assembled wood products repairer, but could perform other jobs that exist in significant numbers in the national economy.  *Id.* at 27.  Therefore, the ALJ determined that Plaintiff did not have a disability.  *Id.* at 29.

## II.        Plaintiff's Arguments on Appeal

Plaintiff argues on appeal that the ALJ erroneously assessed Plaintiff's RFC.  ECF No. 11, at 7-13.  Specifically, Plaintiff argues that the ALJ failed to provide sufficient information to determine what the phrase "fast-paced production requirements such as fast paced assembly line work or high-volume piecemeal quotas" means.  *Id.* at 8.  As discussed below, Plaintiff's argument aligns with this Court's and Fourth Circuit precedent.

In order to determine a claimant's RFC, an ALJ must conduct a function-by-function assessment of the claimant's ability to do work-related activities.  Social Security Ruling 96-8p.  A proper function-by-function assessment of a claimant's abilities includes a "'narrative discussion describing how the evidence supports each conclusion…'"  *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting Social Security Ruling 96-8p).  In addition, the assessment must have three components: (1) evidence; (2) logical explanation; and (3) conclusion.  *See id.*  Where an ALJ's decision has "applied the correct legal standards" and the factual findings are "supported by substantial evidence", the ALJ's determination should be affirmed.  *Bird v. Comm'r of Soc Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012).

In the present case, the ALJ made a RFC determination, in part, that Plaintiff is not "capable of . . . fast-paced production requirements such as fast paced assembly line work or high-volume piecemeal quotas."  ECF No. 8-3, at 23.  Plaintiff argues that the ALJ did not define this phrase in contravention of *Thomas*, 916 F.3d at 307, *Perry v. Berryhill*, 765 F. App'x 869 (4th Cir. 2019) and *Linger v. Comm'r of Soc. Sec.*, No. 22-2192, 2025 WL 40548 (4th Cir. Jan. 7, 2025), among other cases.  ECF No. 11, at 9.

In *Thomas*, the United States Court of Appeals for the Fourth Circuit remanded the ALJ's decision, in part, because the RFC included the phrase "production rate or demand pace," which was never defined or explained.  916 F.3d at 312.  The court found that the lack of definition made

*Joeann S. v. Frank Bisignano, Commissioner, Social Security Administration*
Civil No. AAQ-25-01954
July 22, 2026
Page: 3

it impossible to assess whether such limitations were supported by substantial evidence, a requirement when reviewing an ALJ's determination. *Id.* Similarly, in *Perry*, where "non-production oriented work setting" was not defined, and held no established regulatory definition, the Court remanded because they could not assess "whether a limitation to 'non-production oriented work settings[s]' properly accounts for [Plaintiff's] impairments…" 765 F. App'x at 870. Finally, the court in *Linger* concluded that remand was appropriate where the ALJ failed to define "with no fast paced production requirements such as assembly line work or piecemeal quotas." 2025 WL 40548, at *4, *5. There, the Court likewise determined that, because of the lack of definition, the ALJ failed to build an accurate and logical bridge from the evidence to his conclusion. *Id.*

This case mirrors the Fourth Circuit's decision in *Linger*. As in *Linger*, the ALJ, when formulating their hypothetical to the Vocational Expert, asked them if Plaintiff could perform work in the marketplace if, among other things, Plaintiff was limited to work with "no fast-paced production requirements such as fast paced assembly line work or high-volume piecemeal quotas." *See* ECF No. 8-3, at 76-77; *Linger*, 2025 WL 40548, at *3, *5. The Commissioner does not respond to, or address *Linger*. Although *Linger* does not bind this Court, as it is an unpublished decision, it is, nonetheless, persuasive.

Further, multiple cases in this district, in agreement with *Linger*, have concluded that this phrasing provides insufficient definition. *See Charu M. v. Bisignano*, No. 25-2680-DRM, 2026 WL 1998844, at *2-4 (D. Md. July 10, 2026) (remanding where the ALJ used the phrasing "cannot perform work requiring a specific production rate such as assembly line work or work that requires hourly quotas"); *Alycia H. v. Bisignano*, No. 25-3114-DRM, 2026 WL 1855650, at *4 (D. Md. June 27, 2026) (same); *Nicka D. v. Bisignano*, No. 25-3053-DRM, 2026 WL 1855652, at *4 (D. Md. June 27, 2026) (same); *Lauren R. v. Bisignano*, No. 25-2990-DRM, 2026 WL 1747388, at *4 (D. Md. June 16, 2026) (same); *Travis C. v. Bisignano*, No. 24-3724-DRM, 2026 WL 797031, at *4 (D. Md. Mar. 23, 2026) ("The term used here, "not at a production rate pace such as on an assembly line or work involving monthly or hourly quotas," is analogous to the terms used in *Thomas* and *Linger*, in that it is not defined by regulation and is susceptible to varying interpretations.").

The Commissioner, while acknowledging caselaw to the contrary, nonetheless, argues that the Court should follow an earlier decision, *Sizemore v. Berryhill*, from the Fourth Circuit. *See* ECF No. 13, at 8 (citing *Sizemore v. Berryhill*, 878 F.3d 72, 79-81 (4th Cir. 2017)). The Fourth Circuit's decision in *Sizemore*, however, includes language distinct from the language at issue here, which mirrors the language the Fourth Circuit disapproved of in *Linger*. *See id.* (approving a RFC limiting the claimant to "work only in [a] low stress [setting] defined as non-production jobs [without any] fast-paced work [and] with no public contact."). Further, the Fourth Circuit in *Sizemore* did not directly address the precise issue in this case—whether the vocational expert

*Joeann S. v. Frank Bisignano, Commissioner, Social Security Administration*
Civil No. AAQ-25-01954
July 22, 2026
Page: 4

understood the hypothetical.[1]  Rather, the analysis in *Sizemore* focused on whether the ALJ had adequately explained his basis for formulating the limitation he adopted.  *See id.* at 81 ("The opinions of these two doctors thus provided substantial support for the ALJ's finding that, despite Sizemore's overall moderate difficulties with concentration, persistence, or pace, he would nonetheless be able to stay on task while performing "simple one, two-step tasks," as long as he was "working in low stress non-production jobs with no public contact.").  Accordingly, the Court cannot disregard more recent case law from the Circuit that is directly on point.

As previously noted, a proper RFC assessment contains evidence, a logical explanation, and a conclusion.  *Thomas,* 916 F.3d at 311.  Without an understanding of what "no fast paced production requirements" means, it is not possible to determine where the logical explanation lies between the provided evidence and the stated conclusion.  Accordingly, in light of the foregoing, the ALJ did not perform a proper function by function assessment and therefore the Court must remand this case.

### III.    CONCLUSION

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF No. 11, is DENIED and Defendant's Motion for Summary Judgment, ECF No. 13, is DENIED.  Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is VACATED.  This case is REMANDED for further proceedings in accordance with this Opinion.

Despite the informal nature of this letter, it is an Order of the Court and should be treated accordingly.  An implementing order follows.

Sincerely,

/s/
Ajmel A. Quereshi
United States Magistrate Judge

---

[1] Perhaps unsurprisingly, although the relevant language is in *Sizemore*, the Commissioner primarily cites to *Perry v. Berryhill*'s analysis of *Sizemore*.  ECF No. 13, at 8 (quoting *Perry v. Berryhill*, 765 F. App'x 869, 872 n.1 (4th Cir. 2019)).